JOHN M. DUNLAP, APPELLANT, V. RANDY L. COLEMAN, APPELLEE.

266 N. W. 2d 527

Filed June 7, 1978. No. 41540.

Norman Krivosha of Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellant.

M. J. Bruckner of Marti, Dalton, Bruckner, O'Gara & Keating, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

This is an action to recover damages for personal injuries sustained in an automobile-pedestrian accident. Plaintiff, John M. Dunlap, appeals from a jury verdict in favor of the defendant driver, Randy L. Coleman. We capsulize plaintiff's 11 assignments of error as follows. The trial court erred in: (1) Failing to direct on the issue of liability; (2) erroneously instructing the jury to determine whether defendant's negligence proximately contributed to

plaintiff's injuries; and (3) improperly instructing the jury on the duties of a pedestrian and failing to give instructions concerning the duties of a motorist. We reverse.

The accident occurred at the intersection of 16th and K Streets in Lincoln, Nebraska, at approximately 9 p.m. on April 15, 1972. Sixteenth Street is a one-way street going south. K Street is a one-way street going east. Plaintiff was struck by defendant's vehicle while crossing K Street in a cross-walk from the northeast side to the southeast side of the intersection. Defendant had been driving south on 16th Street and was turning from the second lane left onto K Street when he hit the plaintiff. It was the right front of the car which struck plaintiff.

Dunlap testified he had attended a function at Pershing Auditorium with his wife and daughter on the evening of the accident. It was raining when they prepared to leave so he decided to walk to the car and return with it to the Auditorium to pick up his family. The car was parked on the south side of K Street about one-third of a block east of 16th Street. Plaintiff, who was wearing a dark rain coat, walked south from the Auditorium down the sidewalk on the west side of 16th Street. Upon reaching K Street he crossed 16th Street, proceeding from the northwest corner of the intersection to the northeast corner. Plaintiff did not recall seeing any traffic on 16th Street at this time.

Dunlap waited for the traffic signal to change before attempting to cross K Street. The light turned green. He looked to his right and to his left before he proceeded into the crosswalk. He did not look behind him to the north, the direction from which the Coleman car was coming. Plaintiff walked 10 feet into the crosswalk where he was struck by defendant's vehicle. Plaintiff did not see the vehicle before the impact, which is not unusual because it was behind him even at the time of the impact.

Coleman testified he was driving south on 16th Street at a speed of 25 to 30 miles per hour. He had the headlights on and the windshield wipers were operating. He was traveling in the second lane from the east, which at the K Street intersection is an optional left-hand turn lane. The first lane is a mandatory turn lane. He signaled his intention to turn and slowed his vehicle to 10 to 15 miles per hour. He started to turn into the lane second from the north on K Street when he suddenly saw plaintiff on the hood of his car. He traveled another 15 feet after hitting plaintiff. He did not see plaintiff before hitting him. The point of contact between plaintiff and the vehicle was the right portion of the hood.

Defendant argues this is a case of first impression because this court has never considered or passed on the duty of a pedestrian crossing at an intersection of two one-way streets. He argues that because our law imposes on a pedestrian in a place of safety the duty to look in the direction from which danger can be anticipated, and a further duty not to move from a place of safety into that of danger, a pedestrian is required not only to look to the left and to the right but also to his rear at the intersection of two one-way streets. He further contends if plaintiff had looked to the rear he would have seen or should have seen defendant's car. It was on this premise the trial court refused to direct liability against the defendant although defendant admitted he was guilty of negligence which was a proximate cause of the accident.

Defendant's theory of defense was that plaintiff was guilty of contributory negligence which was also a proximate cause. At the close of plaintiff's case plaintiff moved for a directed verdict on the issue of liability. He again renewed his motion at the close of the defendant's case and all the evidence.

In instruction No. 2 the jury was informed plaintiff had alleged in his amended petition that defendant

was negligent in failing to maintain a proper lookout; in operating his vehicle at a rate of speed greater than was reasonable under the circumstances then existing; in failing to keep his vehicle under reasonable control; and in failing to yield the right-of-way to plaintiff. The jury was also told defendant admitted "he was negligent in one or more of the particulars alleged by plaintiff." The jury was then instructed that plaintiff was required to prove "the negligence of the defendant was the proximate cause or a proximately-contributing cause of the collision."

Defendant in his amended answer states: "1. Admits that an accident occurred at or about the time and place set forth in plaintiff's petition and admits that defendant was guilty of negligence that was a proximate cause of the accident, but alleges that the plaintiff was guilty of contributory negligence which also was a proximate cause of the accident, which negligence was more than slight as a matter of law in the following particulars:

"a. In failing to keep a proper lookout;

"b. In proceeding from a place of safety to a place of danger."

The trial court instructed on these defenses. It was prejudicial error to do so.

Our law has not been refined to apply a different pedestrian rule on one-way streets. Our rule has long been that it is the pedestrian's duty as an ordinarily cautious and prudent person, to look to the right and to the left in crossing an intersection to observe cars coming from either direction. However, he has a right to assume that vehicles approaching from the rear will exercise ordinary care in keeping a lookout for him, and there is no duty imposed upon him to maintain a lookout to the rear to avoid a charge of negligence. See, Halliday v. Raymond, 147 Neb. 179, 22 N. W. 2d 614 (1946); Johnson v. Griepenstroh, 150 Neb. 126, 33 N. W. 2d 549 (1948).

In looking to the left or right he would see any car from the rear which had approached so close as to come into his peripheral vision. It would only be when the car from the rear had approached so close to the intersection that it actually entered his peripheral vision that a question could arise.

In the present case the plaintiff had looked to the right and to the left and had proceeded 10 feet into the intersection in the crosswalk when he was struck by the right portion of the car. This would mean defendant turned in behind plaintiff from the second turning lane. Plaintiff was to the east of defendant when defendant's vehicle reached the intersection, and was directly in front of him as he attempted to turn into the second lane from the north on K Street. Defendant should have observed plaintiff and stopped his car.

Plaintiff had the right-of-way which the defendant failed to respect. There is nothing the plaintiff should have done that he failed to do. The instruction on contributory negligence was clearly erroneous. The negligence of the defendant in failing to yield the right-of-way was the sole proximate cause of the plaintiff's injuries. Plaintiff was entitled to a directed verdict on liability and his motion to that effect should have been sustained.

The judgment of the District Court is reversed and the cause is remanded for trial on the issue of damages.

REVERSED AND REMANDED.

BOSLAUGH and WHITE, C. THOMAS, JJ., concur in result.